UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>YASHAN T. CAMPBELL, )<br>)<br>Defendant. ) | No. 3:21-CR-86-KAC-DCP |

### MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. Now before the Court is Defendant's *Pro Se* Motion to Appoint New Counsel [Doc. 23], filed on April 29, 2022. The parties appeared before the Court for an in-person motion hearing on May 12, 2022. Assistant United States Attorney Alan S. Kirk represented the Government. Attorney Ruth Thompson Ellis appeared on behalf of Defendant Campbell, who was in attendance. CJA Panel Attorney Michael P. McGovern was also present.

In his *pro se* motion [Doc. 23], Defendant requests for the Court to substitute new counsel to represent him because he believes it is not in his best interest to have Attorney Ellis continue as his counsel. Generally, Defendant contends that there were miscommunications and/or misunderstandings related to the substance of the Plea Agreement [Doc. 19] he entered into with Government, specifically in regard to the mandatory minimum sentence of 10 years. During the hearing, Attorney Ellis confirmed that Defendant's basis for filing the *pro se* motion appeared to be accurate. Attorney Ellis stated she had attempted to remedy the issues between herself and

Defendant, but it was her opinion that the attorney-client relationship could no longer be salvaged and further that communication between Defendant and herself has broken down. Attorney Ellis related that appointment of new counsel would most likely be in Defendant's best interest.

The Government stated it took no position on the pending motion, but noted during the hearing that, at least from its perspective, Attorney Ellis had zealously represented Defendant and had been able to negotiate a fair plea agreement. The Government stated that, were Defendant to attempt to withdraw the plea agreement at a later date, a new or better plea agreement would not be forthcoming.

The Court then conducted a sealed, *ex parte* hearing to learn the nature and extent of the problems with the attorney-client relationship. Attorney Ellis and Defendant explained in greater detail the basis for Defendant's *pro se* motion, and the Court questioned Defendant regarding his request for new counsel and the communication between Attorney Ellis and himself.

Based upon the representations of Attorney Ellis and Defendant during the sealed and unsealed portions of the hearing as well as in Defendant's *pro se* motion, the Court finds that the trust necessary for the attorney-client relationship is irretrievably broken and the ability to communicate is significantly eroded. Accordingly, the Court finds that good cause exists to grant the request for substitution of counsel. *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause).

Therefore, Defendant's *Pro Se* Motion to Appoint New Counsel [**Doc. 23**] is **GRANTED** and Attorney Ellis is **RELIEVED** as counsel of record for Defendant. At the conclusion of the hearing, Attorney McGovern agreed to accept representation of Defendant if the present motion was granted. The Court therefore and hereby **SUBSTITUTES and APPOINTS** Attorney McGovern

under the Criminal Justice Act, 18 U.S.C. § 3006A, as counsel of record for Defendant. Attorney Ellis is **DIRECTED** to turn over all discovery and Defendant's file to Attorney McGovern. The parties are directed to contact the District Judge's chambers as soon as is practicable to address scheduling for the remainder of this matter.

Accordingly, it is **ORDERED**:

(1) Defendant's *Pro Se* Motion to Appoint New Counsel [**Doc. 23**] is **GRANTED**;

(2) Attorney Ellis is **RELIEVED** of further representation of Defendant, and Attorney Ellis is **DIRECTED** to provide new defense counsel with the discovery and information from Defendant's file as soon as possible; and

(3) Attorney Michael P. McGovern is **SUBSTITUTED and APPOINTED** as counsel of record for Defendant pursuant to the CJA.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge